IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UBS FINANCIAL SERVICES INC.,
        Plaintiff,

v.

BROWSERKEY, LLC,
        Defendant.

Civil Action No.:

JURY DEMANDED

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff UBS Financial Services Inc. ("UBS" or "Plaintiff"), by and through its undersigned counsel, hereby brings this declaratory judgment complaint ("DJ Complaint") against Defendant BrowserKey, LLC ("BrowserKey" or "Defendant") seeking a declaratory judgment that UBS has not infringed U.S. Patent No. 7,249,262 (the "'262 Patent," or "Patent-in-Suit"). UBS alleges as follows:

**THE PARTIES**

1. UBS is a corporation organized and existing under the laws of Delaware, with a place of business at 1200 Harbor Boulevard, Weehawken, New Jersey 07086.

2. Upon information and belief, BrowserKey is an LLC incorporated under the laws of the State of Texas, with a place of business at 101 East Park Boulevard, Suite 600, Plano, Texas 75074.

**INTRODUCTION AND SUMMARY OF THE CASE**

3. This DJ Complaint arises from BrowserKey's unwarranted and unfounded allegations that UBS has infringed the '262 Patent.

4.     On information and belief, BrowserKey was assigned the '262 Patent on July 11, 2024, via an assignment filed with the USPTO on August 7, 2024. BrowserKey subsequently filed 11 lawsuits alleging infringement of the '262 Patent.

5.     On April 30, 2025, BrowserKey sued UBS for patent infringement by filing a complaint (attached as Exhibit 1) in the United States District Court for the Eastern District of Texas (Case 2:25-cv-00452) (the "Texas Suit").

6.     BrowserKey's complaint identified various accused products ("Accused Products") and alleged that:

> 12. UBS has manufactured, used, marketed, distributed, sold, offered for sale, exported from, and imported into the United States, products that infringe the '262 Patent. These Accused Products include at least all versions and variants of the UBS Web and Mobile Applications since 2019. The Accused Products include at least all versions and variants of the UBS Mobile Banking Applications which have supported any biometric, token-based, and/or passwordless authentication. For example, the Accused Products comprise at least the UBS Financial Services Application (a.k.a., UBS Mobile App or UBS Mobile Application), UBS Mobile Pass, UBS Neo, and UBS Neo FX for iOS, iPadOS, and Android, including all supporting servers, computer systems, and infrastructures, since at least 2019.

Exhibit 1, ¶ 12.

7.     BrowserKey's complaint created a real and immediate controversy between BrowserKey and UBS as to whether UBS infringed the '262 Patent.

8.     On April 30, 2025, BrowserKey dismissed the Texas Suit by filing a Notice of Voluntary Dismissal Without Prejudice (Texas Suit, Dkt. 8).

9.     The United States District Court for the Eastern District of Texas responsively issued an order (Texas Suit, Dkt. 11) accepting and acknowledging BrowserKey's notice and dismissing the Texas Suit.

10.    BrowserKey's dismissal "without prejudice" demonstrates that the controversy between BrowserKey and UBS persists.

11. As a result, there remains a real and immediate controversy between BrowserKey and UBS as to whether UBS infringed the '262 Patent.

**SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE**

12. This DJ Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*

13. UBS seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

14. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

15. This Court can provide the declaratory relief sought in this DJ Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because BrowserKey has accused UBS of infringing the '262 Patent via the Texas Suit, which made clear BrowserKey's intention to assert its rights under the '262 Patent by pursuing claims of infringement against UBS based on UBS's ongoing and/or planned activities and/or the activities accused of infringement in the Texas Suit. As discussed below, UBS has not infringed the '262 Patent and therefore has a right to engage in the complained-of activity.

16. This Court has personal jurisdiction over BrowserKey because BrowserKey has engaged in actions in this District that form the basis of UBS's claims against BrowserKey and that have created a real, live, immediate, and justiciable case or controversy between BrowserKey and UBS. BrowserKey's complaint in the Texas Suit recognizes and is directed toward UBS as a corporation "with a place of business at 1200 Harbor Boulevard, Weehawken,

New Jersey 07086." Exhibit 1, ¶ 3. BrowserKey has thus consciously and purposely directed allegations of infringement toward UBS as a company that operates in this District of New Jersey.

17. BrowserKey is in the business of filing suit based solely on its '262 Patent against companies based across the United States, including in New Jersey.

18. BrowserKey filed 11 lawsuits alleging infringement of the '262 Patent:

   a. *BrowserKey, LLC v. UBS AG et al.*, Case No. 2:25-cv-00452 (E.D. Tex.) (filed 2025-04-30) (dismissed);

   b. *BrowserKey, LLC v. First Citizens Bank & Trust Company*, Case No. 2:25-cv-00451 (E.D. Tex.) (filed 2025-04-30) (pending);

   c. *BrowserKey, LLC v. Regions Bank*, Case No. 2:25-cv-00450 (E.D. Tex.) (filed 2025-04-30) (pending);

   d. *BrowserKey, LLC v. Comerica Bank*, Case No. 2:25-cv-00444 (E.D. Tex.) (filed 2025-04-28) (pending);

   e. *BrowserKey, LLC v. Capital One Services, LLC*, Case No. 2:25-cv-00443 (E.D. Tex.) (filed 2025-04-28) (pending);

   f. *BrowserKey, LLC v. JPMorgan Chase & Co.*, Case No. 2:25-cv-00445 (E.D. Tex.) (filed 2025-04-28) (pending);

   g. *BrowserKey, LLC v. Morgan Stanley & Co. LLC*, Case No. 2:25-cv-00446 (E.D. Tex.) (filed 2025-04-28) (pending);

   h. *BrowserKey, LLC v. Ally Financial, Inc.*, Case No. 2:25-cv-00442 (E.D. Tex.) (filed 2025-04-28) (pending);

     i. *BrowserKey, LLC v. Wells Fargo & Co.*, Case No. 2:24-cv-00800 (E.D. Tex.) (filed 2024-10-02) (pending);

     j. *BrowserKey, LLC v. The Charles Schwab Corporation et al.*, Case No. 2:24-cv-00799(E.D. Tex.) (filed 2024-10-02) (pending); and

     k. *BrowserKey, LLC v. Bank of America Corporation*, Case No. 2:24-cv-00798 (E.D. Tex.) (filed 2024-10-02) (pending).

19. On information and belief, many of the defendants in these BrowserKey suits, including at least UBS, Capital One, JPMorgan, Wells Fargo, Charles Schwab, and Bank of America, have places of business in New Jersey.

20. BrowserKey's allegations of infringement were directed to New Jersey and New Jersey processes.

21. On information and belief, BrowserKey's parent, BrowserKey, Inc., operates a website, www.browserkey.com, printouts from which are attached as Exhibit 2.

22. On information and belief, the BrowserKey website solicits the purchase of BrowserKey licenses from a nationwide customer base including actual and/or potential customers in New Jersey. *See* Exhibit 2 at https://browserkey.com/purchase.asp; *see also* Texas Suit, Dkt. 3, BrowserKey Rule 7.1(a)(1) Disclosure Statement. The BrowserKey website states that its products and services are "Patent Pending." Exhibit 2, *passim*. The BrowserKey website offers products and services that relate to the '262 Patent. *See* Exhibit 2. On information and belief, BrowserKey, either directly and/or via BrowserKey, Inc., transacts substantial business in New Jersey.

23. As a result, BrowserKey established sufficient minimum contacts with the District of New Jersey such that BrowserKey is subject to general and specific personal jurisdiction in

this Court. Further, the exercise of personal jurisdiction based on these highly-pertinent contacts with New Jersey does not offend traditional notions of fairness and substantial justice.

24. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400, because venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

25. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as BrowserKey, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

26. As discussed above, BrowserKey is subject to personal jurisdiction with respect to this action in the District of New Jersey, and thus, for the purposes of this action, BrowserKey resides in the District of New Jersey and venue is proper in accordance with 28 U.S.C. § 1391.

## THE '262 PATENT

27. The '262 Patent is titled "Method For Restricting Access To A Web Site By Remote Users."

28. The '262 Patent issued on July 24, 2007, from U.S. Patent Application Serial No. 10/139,924, filed on May 6, 2002.

29. The '262 Patent expired on or before January 12, 2024.

30. BrowserKey alleges that it is the sole and exclusive owner of all right, title, and interest to and in the '262 Patent. *See* Exhibit 1, ¶ 10.

31. On information and belief, BrowserKey has no assets other than its '262 Patent and any amounts collected from efforts to enforce it.

4917-5304-1981

## USPTO REEXAMINATION

32. The validity of claims of the '262 Patent has been challenged in the USPTO via Ex Parte Reexamination No. 90/019,856 ("Reexam"), which is pending.

33. On March 13, 2025, the USPTO issued an order granting a request for *ex parte* reexamination of claims 11-17 of the '262 Patent based on a substantial new question as to the patentability of these claims.

34. The prior art cited during the Reexam demonstrates the invalidity of at least claims 11-17 of the '262 Patent.

35. Despite the clear invalidity of the claims of the '262 Patent, UBS does not here present declaratory judgment claims for invalidity because doing so would risk estopping UBS under 35 U.S.C. § 315(a) from presenting such arguments before the PTAB. The omission of such claims here should not be taken as any admission by UBS as to the validity of the '262 Patent. UBS reserves the right to seek a declaratory judgment in reply to any counterclaim of infringement by BrowserKey, as is permitted without risk of estoppel under 35 U.S.C. § 315.

**FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT THAT UBS AND THE ACCUSED PRODUCTS HAVE NOT DIRECTLY INFRINGED THE '262 PATENT**

36. The allegations contained in the preceding Paragraphs are incorporated by reference herein.

37. BrowserKey has accused UBS's activities with respect to the Accused Products of directly infringing at least claim 1 the '262 Patent. Exhibit 1, ¶ 18.

38. Claim 1 of the '262 Patent recites: "1. A method of restricting access to data maintained on a server computer by an authorized client machine, said method comprising the steps of: a. installing a client-side software program on the client machine for generating a client machine-specific identifier, the client machine-specific identifier being substantially unique to

the particular machine upon which such client-side software program is initially installed; b. operating the client-side software program on the client machine to generate the client machine-specific identifier; c. generating a password remote from the client machine and providing the password to a user of the client machine, the password being derived from the client machine-specific identifier generated in step b., and uniquely corresponding thereto; d. issuing a request by the client machine to the server computer for access to data maintained on the server computer; e. responding to the request for access of step d. by having the client machine re-generate its machine-specific identifier; f. verifying on the client machine whether the client machine-specific identifier re-generated in step e. uniquely corresponds with the password generated in step c.; and g. recognizing the client machine as being authorized to access data maintained on the server computer if the verification performed by step f. is true, and refusing to recognize the client machine as being authorized to access data maintained on the server computer if the verification performed by step f. is false."

39. BrowserKey's Texas Suit complaint mistakenly premised its infringement allegation on functionality described in an "Access App biometric login" document. *See* Exhibit 1, ¶ 19 (citing https://www.ubs.com/sg/en/wealthmanagement/digital-banking/access-app/_jcr_content/mainpar/toplevelgrid_6891254/col1/actionbutton_copy_co.0995683774.file/PS9jb250ZW50L2RhbS9hc3NldHMvd20vZ2xvYmFsL2d3bS1kaWdpdGFsL2FwYWMvYmlvbWV0cmljLWVuLnBkZg==/biometric-en.pdf). That document pertains to "UBS AG, Singapore Branch," rather than any United States activity of UBS.

40. The Accused Products, or use thereof, has not resulted in the performance of all limitations in claim 1 of the '262 Patent, either literally or under the doctrine of equivalents. For example, the Accused Products, or use thereof, has not resulted in "generating a password

4917-5304-1981

remote from the client machine and providing the password to a user of the client machine, the password being derived from the client machine-specific identifier generated in step b., and uniquely corresponding thereto," as recited in claim 1 of the '262 Patent. The Accused Products, or use therefore, has not resulted in an infringing equivalent of this literally noninfringed limitation. As a result, the Accused Products, and use therefore, has not directly infringed claim 1 of the '262 Patent.

41. Claim 1 of the '262 Patent requires various method steps that are not carried out by UBS or any agent of UBS, including without limitation:

    a. "a. installing a client-side software program on the client machine for generating a client machine-specific identifier, the client machine-specific identifier being substantially unique to the particular machine upon which such client-side software program is initially installed;"

    b. "b. operating the client-side software program on the client machine to generate the client machine-specific identifier;"

    c. "c. generating a password remote from the client machine and providing the password to a user of the client machine, the password being derived from the client machine-specific identifier generated in step b., and uniquely corresponding thereto;"

    d. "d. issuing a request by the client machine to the server computer for access to data maintained on the server computer;" and/or

    e. "f. verifying on the client machine whether the client machine-specific identifier re-generated in step e. uniquely corresponds with the password generated in step c."

42. For example, BrowserKey alleged that UBS performed step d of claim 1 by "issuing a request by the client machine." *See* Exhibit 1, ¶ 18. BrowserKey also alleged that UBS performed step f of claim 1 by "verifying on the client machine whether the client machine-specific identifier re-generated in step e. uniquely corresponds with the password generated in step c." BrowserKey's own allegations disprove BrowserKey's infringement allegation against UBS. UBS has not performed steps that BrowserKey itself alleges to be performed by the client machine, rather than UBS. As a result, even if these steps were performed by the client machine (UBS disputes this), they were not performed by UBS.

43. In addition, UBS and/or its agents have not performed an infringing equivalent of the literally noninfringed limitations cited in the above paragraph.

44. As a result, even if use of the Accused Products involved performing each limitation in claim 1 of the '262 Patent (UBS disputes this), the performance of various limitations in claim 1 was not performed by UBS. As a result, UBS has still not directly infringed claim 1 of the '262 Patent because UBS has not performed the acts required for direct infringement.

45. UBS is entitled to a judgment declaring that the Accused Products and UBS's activities have not directly infringed the '262 Patent, either literally or under the doctrine of equivalents.

**SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT THAT UBS HAS NOT INDIRECTLY INFRINGED THE '262 PATENT**

46. The allegations contained in the preceding Paragraphs are incorporated by reference herein.

47. The Accused Products did not result in direct infringement of the '262 Patent by anyone. Absent direct infringement, UBS cannot have indirectly infringed of the '262 Patent.

48. BrowserKey's complaint in the Texas Suit alleged that:

> 43. UBS indirectly infringes one or more claims of the '262 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as UBS's customers and end-users, in this District and elsewhere in the United States. For example, UBS's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '262 Patent.

Exhibit 1, ¶ 43.

49. On information and belief, UBS was not aware of the '262 Patent prior to the '262 Patent's expiration.

50. As a result, UBS did not knowingly induce others to directly infringe the '262 Patent.

51. BrowserKey's complaint in the Texas Suit alleged that:

> 44. UBS indirectly infringes one or more claims of the '262 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. UBS's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '262 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '262 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by UBS to be especially made or adapted for use in the infringement of the '262 Patent. UBS performs these affirmative acts with knowledge of the '262 Patent and with intent, or willful blindness, that they cause the direct infringement of the '262 Patent.

Exhibit 1, ¶ 44.

52. Because UBS lacked knowledge of the '262 Patent prior to the '262 Patent's expiration, UBS did not contribute to direct infringement of the '262 Patent by others.

53. UBS did not know that any components of the Accused Products were especially made or adapted for use in the infringement of the '262 Patent.

54. The components of the Accused Products have not been especially made or adapted for use in infringement of the '262 Patent.

55. UBS is entitled to a judgment declaring that UBS has not indirectly infringed the '262 Patent, either literally or under the doctrine of equivalents.

### THIRD CLAIM FOR RELIEF: DECLARATORY JUDGMENT THAT UBS HAS NOT WILLFULLY INFRINGED THE '262 PATENT

56. The allegations contained in the preceding Paragraphs are incorporated by reference herein.

57. BrowserKey's complaint in the Texas Suit alleged that:

> 45. UBS's infringement of the '262 Patent is willful, at least because it has knowingly and deliberately infringed the '262 Patent.

Exhibit 1, ¶ 45.

58. Because UBS lacked knowledge of the '262 Patent prior to the '262 Patent's expiration, UBS did not willfully infringe the '262 Patent.

59. UBS is entitled to a judgment declaring that UBS has not willfully infringed the '262 Patent.

### PRAYER FOR RELIEF

UBS respectfully requests that this Court enter judgment against BrowserKey as follows:

A. Declaring that the Accused Products, including use thereof, have not directly infringed the '262 Patent;

B. Declaring that UBS has not directly, indirectly, or willfully infringed the '262 Patent;

C. Awarding UBS its attorneys' fees and costs; and

D. Awarding such other relief as this Court or a jury may deem just and proper.

4917-5304-1981

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), UBS hereby demands a trial by jury of all issues so triable.

Dated: May 3, 2025

Respectfully submitted,

*/s/ Matthew D. Stockwell*
Matthew D. Stockwell
NJ Bar Id 03292-2005
matthew.stockwell@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1075

Of Counsel:

William P. Atkins (*pro hac vice* to be filed)
william.atkins@pillsburylaw.com
Benjamin L. Kiersz (*pro hac vice* to be filed)
benjamin.kiersz@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
7900 Tysons One Place Ste. 500
Tysons, VA 22102
Telephone: (703) 770-7900
Facsimile: (703) 770-7901

**Attorneys for Plaintiff UBS Financial Services Inc.**

4917-5304-1981